Josefa Jiménez, Plaintiff and Appellant, *v.* Carmelo J. Colón et al., Defendants and Appellees.

No. 8742. Argued December 9, 1943.—Decided January 31, 1944.

E. *Pérez Casalduc* for appellant. *Luis Mercader* for appellees.

Mr. Justice Todd, Jr., delivered the opinion of the court.

In a former suit, Carmelo J. Colón, coappellee herein, brought an action against appellant Josefa Jiménez and her son, Julio Feliciano, and to secure the effectiveness of the judgment, he attached the property of said defendants, after furnishing the proper bond. Judgment was rendered against the plaintiff and an appeal therefrom was dismissed by this court. *Colón* v. *Feliciano,* 56 P.R.R. 190.

Subsequently, Josefa Jiménez brought an action against Colón and his sureties and alleged that by reason of the attachment levied in the former suit, she had suffered damages in the sum of $625 which she itemized in the sixth averment of her complaint, as follows: "$125 which the plaintiff Josefa Jiménez had to pay and did pay in order to obtain the consent of Carmelo J. Colón to have this court order the cancellation of the attachment levied on part of estate 'A' and thus be able to convey the same; $500 as depreciation estimated on the property sold by the plaintiff, Josefa Jiménez, by reason of the attachment levied thereon, which depreciation is known to the plaintiff because prior to the attachment she received offers to sell for a greater sum than that for which the properties were actually sold after the attachment had been levied, without there existing any other circumstance that might cause such depreciation."

The defendants denied the damages alleged to have been caused and after the case was tried and both parties had introduced their evidence, the lower court rendered judgment dismissing the complaint, with costs. The plaintiff has taken the present appeal and she urges that the lower court erred "in permitting its consideration of the facts of this case to be influenced by the opinion he (*sic*) had regarding the plaintiff and appellant, which opinion had been based on acts which she never performed and of which she was fully and definitely exonerated by Judge Agrait Aldea himself and by this Hon. Court"; and in weighing the evidence introduced

by the plaintiff with passion and prejudice; and in holding, as it did, that the same "was not sufficient to support the complaint."

■■ The first assignment of error is based on certain comments made by the judge in his opinion when referring to the manner in which he decided the former case and to the judgment of this Supreme Court dismissing the appeal, and concluding that said case was decided on a technical question.

We think that said comments were unnecessary for the decision of the instant case on its merits, but this does not mean that they constitute such an error as to cause a reversal of the judgment. It is well known that an appeal is taken from the judgment and not from the reasoning of the trial judge. *Borrero* v. *Ubarri,* 33 P.R.R. 332; *Totti* v. *Fernández,* 40 P.R.R. 609; *Jackson Brewing Co.* v. *José B. López,* 51 P.R.R. 697; *Reyes* v. *Aponte,* 60 P.R.R. 860.

■ The first ground of the second error assigned is untenable, since from the record it does not appear that the judge weighed the evidence with passion and prejudice, as the appellant maintains. We have examined the transcript of the evidence and we agree with the finding of the lower court to the effect that the plaintiff did not prove the sixth allegation of her complaint, *supra,* that is, the decline in value of the property sold.

However, we are of the opinion, that the lower court erred in holding that inasmuch as the $500 depreciation alleged to have been caused to the property sold has not been proved, "neither was there any right to invoke the jurisdiction of this court" for the recovery of the $125 which she alleged—and the court held proved—to have paid to Attorney Mercader, counsel for Carmelo J. Colón, in order to obtain the release of the attachment levied.

The fact that the damages were not proved in the total sum claimed or $625, but only as to $125, can not divest the

court of its jurisdiction. In cases of this kind "the amount claimed in the complaint is what determines the jurisdicton of the court, even though, after hearing the evidence, the same is reduced to a lesser sum than the jurisdictional amount." *Donato* v. *Cruz,* 59 P.R.R. 535, 538, and authorities therein cited.

■ The lower court held as proved the fact that the appellant, defendant in the former suit, paid $125 to Attorney Mercader in order to obtain the release of the attachment on the house, but in its opinion it states that "when she asked the other party to release the attachment upon her property in order to make the above-mentioned deal (*without making any exception*) she was implicitly accepting the termination of the sureties' liability . . ." Such a statement is erroneous for two reasons: 1. The evidence showed that upon plaintiff's attorney being served with notice of the motion filed by Attorney Mercader, seeking the release of the attachment in the former case, there was expressly inserted at the foot of said motion the following:

"Service of notice accepted and motion consented to, *without waiving any right to recover for damages caused by the attachment up to this date.*" (Italics ours.)

2. But even conceding that no exception had been made, the appellant still had a cause of action by reason of the damages suffered as a result of the attachment, unless she had waived them. Inasmuch as it was proved that the appellant had to pay $125 in order to have the attachment released, and that she did not waive her right to recover for any damages caused to her by said attachment, we are of the opinion that the second ground of the second error should be upheld, and, therefore, the judgment appealed from must be reversed and another rendered instead, sustaining the complaint and adjuging the defendants to pay to the plaintiff $125, together with the costs.